[Civ. No. 22617. Fourth Dist., Div. One. Sept. 18, 1980.]

In re JEFFERY M. et al., Persons Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JEFFERY M. et al., Defendants and Appellants.

## COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Victoria Sleeth for Defendants and Appellants.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Yvonne H. Behart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.\***—The minor defendants, Brian H. and Jeffery M., appeal orders committing them to the Youth Authority and specifying maximum three-year terms. The commitments depend upon true findings of Penal Code section 71, the offenses of threatening a public official, which may be either a misdemeanor or a felony upon a first conviction. The trial court did not state at the hearing what the degree of the offenses was, hence defendants contend violation of the mandatory second paragraph of Welfare and Institutions Code section 702 stating the court *shall* declare whether the underlying offense is a misdemeanor or a felony.

---

*Before Brown (Gerald), P. J., Staniforth, J. and Work, J.

The People respond with these arguments: the accusatory pleadings (petitions) describe the offenses as felonies; the clerk's minute orders for the hearing and the formal commitment orders both indicate felony status by the use of a circled "F"; and the evidence indicates several prior offenses for each minor so that it is highly improbable the court intended to classify the offenses as misdemeanors. All these arguments were rejected by *In re Dennis C.* (1980) 104 Cal.App.3d 16, 23 [163 Cal.Rptr. 496], where the court pointed out the use of the word "shall" in section 702 renders the direction mandatory and requires reversal if the court does not make the required finding. (See Welf. & Inst. Code, § 15 and Cal. Rules of Court, rule 1302 (b)(1).) Although the People argue the accusatory pleadings in *Dennis C.* did not characterize the offenses there as felonies, in fact the opinion implies the charges may well have been so described. ("Appellant was found to be a person within Welfare and Institutions Code section 602 in that he committed forgery (Pen. Code, § 470, *a felony*), battery against a peace officer (Pen. Code, § 243, *a felony*),..." *In re Dennis C., supra*, 104 Cal.App.3d at pp. 18-19, italics added.) In any case the pleadings are prepared by the prosecutor, not the court. In *Dennis C.* as here, three-year maxima were specified, arguably inconsistent with classification as a misdemeanor, but the court nevertheless remanded for entry of the required court findings. Another point of similarity between the *Dennis C.* case and this one is there, as here, the clerical minutes reflected felony classification.

■ We find these facts substantially indistinguishable from those in *Dennis C., supra*, and like the court there, we agree the statute means what it says, and requires the court to expressly consider the classification of the underlying offense and make a specific finding. Courts should do what the law requires. Nothing should be subject to surmise. To affirm these orders is to encourage sloppy performance of duty.

The orders are reversed and the matters remanded to the juvenile court for a new dispositional hearing in light of this opinion.