[S.F. No. 24497. Mar. 24, 1983.]

In re KENNETH H., a Person Coming Under the Juvenile Court Law.
JOHN J. MEEHAN, as District Attorney, etc., Plaintiff and Respondent, v.
KENNETH H., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Diane M. Griffiths, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian and Daniel J. Kremer, Chief Assistant Attorneys General, William D. Stein, Assistant Attorney General, W. Eric Collins, Eugene Kaster and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

KAUS, J.—Kenneth H., a minor, appeals from an order of the juvenile court continuing him as a ward of the court and placing him in Los Cerros county camp, based on a finding that he committed a burglary (Pen. Code, § 459). Appellant contends (1) that the court failed to make an express finding as to whether the offense was a misdemeanor or a felony, as required by section 702 of the Welfare and Institutions Code; and (2) that the court erred in committing him to a county camp without making one of the findings required by section 726.[1]

## I

A petition, filed November 4, 1981, and amended November 5, 1981, alleged that appellant came within the provisions of section 602 in that he committed "a misdemeanor, to wit: trespass" (Pen. Code, § 602, subd. (j)) and "a felony, to wit: burglary" (Pen. Code, § 459). A supplemental petition sought an order modifying appellant's previous home probation (furlough from Chabot county camp) on the basis of the new charges. (§ 777, subd. (a).)

At the jurisdictional hearing, the allegation of trespass was dismissed; the court found the allegation of burglary and the allegations of the supplemental petition to be true. At the dispositional hearing, appellant was continued as a ward, committed for placement at Los Cerros county camp, and ordered to pay $100 restitution to the victim. *At no time did the juvenile court characterize the offense as either a felony or a misdemeanor.*[2]

## II

Section 702 provides in pertinent part: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternative-

---

[1] Unless otherwise stated, all statutory references are to the Welfare and Institutions Code.

[2] With consent of the minor, the disposition hearing was held before a judge who had not presided at the jurisdictional hearing. The only reference to "burglary" by either judge occurred at the disposition hearing, where the court stated: "It has previously been a finding that this minor is described under Section 602 of the Welfare and Institutions Code, and the petition has been found to be true, and the allegations as to the charge of burglary." The reference was no more than a restatement of the finding at the jurisdictional hearing that the allegations of the petitions were found to be true.

At the disposition hearing, someone other than the judge—a person whom the court reporter enigmatically called a "court officer"—recited the social study recommendation prepared by the probation department (see § 280; Cal. Rules of Court, rule 1371, (b)). An incidental notation therein that characterized the jurisdictional hearing judge's finding as a "felony burglary" finding was not only erroneous but, in any event, cannot substitute as a declaration *by the court* as to the nature of the offense.

ly as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (See also Cal. Rules of Court, rules 1373(a) and 1355(f)(5).)[3]

■ The burglary which the juvenile court found to be true was necessarily of the second degree for two independent reasons: first, the entry giving rise to the charge occurred in the daytime;[4] second, the court made no finding as to the degree of burglary as required by Penal Code section 1157, as well as rule 1355(f)(5),[5] rendering it of the second degree by operation of law. (*In re Eric J.* (1979) 25 Cal.3d 522, 529 [159 Cal.Rptr. 317, 601 P.2d 549].) Therefore, the crime which had been found to be true was one which, if committed by an adult, can be either a misdemeanor or a felony. (Pen. Code, § 461.)

We held in *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13], that section 702 means what it says and mandates the juvenile court to declare the offense a felony or misdemeanor. (Accord, *In re Jose R.* (1982) 137 Cal.App.3d 269, 280 [186 Cal.Rptr. 898]; *In re Curt W.* (1982) 131 Cal. App.3d 169, 186 [182 Cal.Rptr. 266]; *In re Jeffrey M.* (1980) 110 Cal.App. 3d 983, 985 [168 Cal.Rptr. 337]; *In re Dennis C.* (1980) 104 Cal.App.3d 16, 23 [163 Cal.Rptr. 496].)

The People contend that the juvenile court has complied with the requirements of section 702. They argue that the accusatory pleading (the petition) described the offense as a felony; that at the jurisdictional hearing the court found the allegations of the petition to be true; that the finding of truth was referred to at the dispositional hearing; and that the court would not have found the allegations of the supplemental petition true if it had not found the burglary to be a felony. Almost identical arguments were rejected in *In re Dennis C.,*

---

[3]The parties do not address the significance of such a finding. Most important, the finding determines the maximum period of physical confinement. Under section 726, a minor removed from the custody of a parent or guardian may not be held for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense which brings the minor within the jurisdiction of the juvenile court.

Further, the potential for prejudice from a finding of felony status has been increased by passage of Proposition 8, which provides that any prior felony conviction, whether adult or juvenile, "shall . . . be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding." (Cal. Const., art. I, § 28, subd. (f).)

[4]At the time of the offense, Penal Code section 460 provided in part: "1. Every burglary of an inhabited dwelling house or trailer coach as defined by the Vehicle Code, or the inhabited portion of any other building committed in the nighttime, is burglary of the first degree. [¶] 2. All other kinds of burglary are of the second degree."

[5]Subdivision (f)(5) of rule 1355: "If, after hearing the evidence, the court determines that the allegations of the petition are true, it shall make findings as to each of the following, noted in the minutes of the court: . . . [¶] (5) If the minor is found to be a person described by section 602, *the degree of the offense* and whether the offense would be a misdemeanor or felony had the offense been committed by an adult. These determinations may be deferred until the disposition hearing." (Italics added.)

*supra,* 104 Cal.App.3d at page 23 and *In re Jeffrey M., supra,* 110 Cal.App.3d at page 985, cases which were cited with approval in *In re Ricky H., supra,* 30 Cal.3d at page 191. Here, as in those cases, the crucial fact is that the court did not state at any of the hearings that it found the burglary to be a felony.[6]

We are compelled by the statute and decisional authority to return this case to juvenile court with directions to determine the character of the offense as required by section 702.

### III

Appellant contends that the order committing him to county camp must be reversed—and a new disposition hearing held—because the juvenile court failed to make a specific finding, required by section 726, to justify removal from the physical custody of his parents. Section 726 provides in pertinent part that "no ward or dependent child shall be taken from the physical custody of a parent or guardian unless upon the hearing the court finds one of the following facts: [¶] (a) That the parent or guardian is incapable of providing or has failed or neglected to provide proper maintenance, training, and education for the minor. [¶] (b) That the minor has been tried on probation in such custody and has failed to reform. [¶] (c) That the welfare of the minor requires that his custody be taken from his parent or guardian."

The report of the probation department recommended commitment to the county camp based on factor (b)—that the minor had been tried on probation and had failed to reform. At the disposition hearing, the juvenile court declared that it would order that the recommendations—as reported and read into the record—be followed. The disposition order signed by the juvenile court judge and filed on December 29, 1981, contained printed recitals of the language of subdivisions (a), (b) and (c) of section 726. The box next to the recital of subdivision (b)—that the minor has been tried on probation and has failed to reform—was checked.

We held in *In re John H.* (1978) 21 Cal.3d 18 [145 Cal.Rptr. 357, 577 P.2d 177], that an order containing only a printed statement in the language of section 734 supported a commitment to the Youth Authority. While section 734, which requires a determination of probable benefit from a Youth Authority commitment, differs somewhat from section 726, *John H.* is nevertheless instructive, for in reaching its decision the majority found it necessary to disap-

---

[6]In *In re Robert V.* (1982) 132 Cal.App.3d 815, 823 [183 Cal.Rptr. 698], a signed "Findings and Order" which stated that the charged Vehicle Code *felony* was to run concurrent with a prior commitment was held in compliance with section 702 in that it was an "explicit finding" of felony status.

prove *In re Lawrence B.* (1976) 61 Cal.App.3d 671 [132 Cal.Rptr. 599], which had held that an order supported only by findings couched in the language of section 726 did not support a commitment to the Youth Authority. *John H.* (21 Cal.3d at pp. 24-25) quotes with approval language from the dissent in *Lawrence B.* which we believe controls here: "By its express terms,Welfare and Institutions Code section 726 requires a finding *only* in the language of the statute. [¶] . . . Additional, express findings are neither mandated by any provision of the State of California Constitution, nor the United States Constitution, nor by any section of the Welfare and Institutions Code, nor by the decisional law of this state. An appellate court ought not, by *judicial fiat,* interpret the plain and unambiguous language of . . . section 726, as requiring anything additional to what the statute itself explicitly requires." (61 Cal.App.3d at p. 676.) (See also *In re John S.* (1978) 83 Cal.App.3d 285, 292 [147 Cal.Rptr. 771]; *In re Cindy E.* (1978) 83 Cal.App.3d 393, 406-407 [147 Cal.Rptr. 812].) In sum, inasmuch as the juvenile court justified its commitment order pursuant to section 726, reversal of the commitment order itself is not required.

## Disposition

The order committing appellant to Los Cerros county camp is affirmed; the case is remanded for a declaration by the court as to whether the burglary offense is a misdemeanor or a felony.

Bird, C. J., Broussard, J., Reynoso, J., and Grodin, J., concurred.

**MOSK, J.**—I dissent.

In the total scheme of things, I suppose no significant damage to the pattern of the law is inflicted by sending this matter back to the trial court for a precise recitation of a finding that this burglary was a felony or a misdemeanor. I suggest, however, that my colleagues are exalting form over substance by their order.

The petition charged this juvenile with two offenses: trespass, a misdemeanor, in count I, and burglary of a residence, a felony, in count II. After a thoughtful discussion of the evidence and a review of the testimony of the witnesses, the trial judge found "beyond a reasonable doubt that the allegations in count two, the amendment to the petition, is true."

That the foregoing finding was intended to, and did, embrace the nature of the offense, i.e., that it was a felony, is corroborated by the colloquy at the time of disposition. At the time of sentencing it was noted that "The finding was as to *felony burglary,* and there is a finding of 777(a) petition." (Italics added.)

The minor's counsel raised no objection to that designation, nor did he request reduction to a misdemeanor; his only concern was with placement of the minor.

I deem it a redundant exercise, in the face of this record, to send the matter back to the trial judge merely to require him to recite again, this time by incantation in the words of the statute, a conclusion that he has previously reached and substantially related. This is but one more step in a seemingly inexorable process—unfortunate, in my view—of converting juvenile proceedings into formal criminal trials.

I would affirm the order.

Richardson, J., concurred.