Filed 3/4/13  In re Israel A. CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ISRAEL A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>ISRAEL A.,<br><br>        Defendant and Appellant. | F064724<br><br>(Super. Ct. No. JJD064652)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Wiseman, Acting P.J., Kane, J., and Peña, J.

Appellant, Israel A., a minor, was initially adjudged a ward of the juvenile court in 2010, following his admission that he committed battery (Pen. Code, § 242), and he was readjudged a ward in 2011 following his admission of possession of live firearm ammunition by a minor (Pen. Code, § 12101, subd. (b)(1)).

In 2012, in the instant case, the juvenile court, at a jurisdiction hearing, found true allegations set forth in a juvenile wardship petition (Welf. & Inst. Code, § 602) that appellant committed attempted first degree burglary (Pen. Code, §§ 664/459, 460, subd. (a); count 1), assault by means of force likely to produce great bodily injury (Former Pen. Code, § 245, subd. (a)(1);[1] count 2) and second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c); count 3). At the subsequent disposition hearing, on February 14, 2012, the court readjudged appellant a ward of the court and ordered that he serve 365 days in the Tulare County Youth Facility, under the supervision of the probation officer.

On appeal, appellant contends (1) the evidence was insufficient to support his adjudication on count 1, and (2) the court failed to declare whether the count 2 offense was a felony or misdemeanor, in violation of Welfare and Institutions Code section 702 (section 702). The People concede both points. We reverse appellant's adjudication of attempted burglary and remand for a new disposition hearing.

---

[1] At the time of the instant offenses, Penal Code section 245, subdivision (a) proscribed the "commi[ssion] [of] an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury .…" The statute has since been rewritten such that assault by means of force likely to produce great bodily injury is now covered in subdivision (a)(4) of Penal Code section 245. All further references to Penal Code section 245 are to the former version of the statute.

## FACTS[2]

At approximately 12:50 p.m. on September 29, 2011, Maria Cavazos was leaving her home when she saw three Mexican-American male youths in the driveway of the house of her neighbor, Larry Murillo, walking away from Murillo's house. Cavazos got into her car and as she was backing out she saw her neighbor, Emilio Sandoval. She approached him and told him what she had seen.

Sandoval testified to the following: He walked over to Murillo's house and saw that the frame of the door to the house was "broken." It "was not actually kicked in"; rather, it was "popped open a little bit." Sandoval's wife called the police.

Police, shortly after getting a report of the incident, effected a stop of a yellow Ford Mustang automobile. Shortly thereafter, police transported Cavazos to the scene of the vehicle stop, where she identified three persons, one of whom was appellant, as the three she had seen walking away from Murillo's house.

Police found a shoe print on the door of Murillo's house. The print matched a shoe worn by Miguel M., one of the other persons stopped with appellant.

## DISCUSSION

### Sufficiency of the Evidence

As indicated above, appellant contends and the People concede that the evidence was insufficient to support appellant's adjudication of attempted burglary.

### Governing Principles

In general, in determining whether the evidence is sufficient to support a finding in a juvenile court proceeding, the reviewing court is bound by the same principles as to sufficiency and the substantiality of the evidence which govern the review of criminal

---

**2** Because appellant challenges the sufficiency of the evidence as to the count 1 offense only, and the facts of the other offenses are not relevant to the issues raised on appeal, we limit our factual summary to the count 1 offense.

3

convictions generally. (*In re Roderick P.* (1972) 7 Cal.3d 801, 809.) Those principles include the following: "[T]he reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence-- evidence that is reasonable, credible and of solid value--such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

"Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence." (*In re Michael D.* (2002) 100 Cal.App.4th 115, 126.) "'[W]hile substantial evidence may consist of inferences, such inferences must be "a product of logic and reason" and "must rest on the evidence" [citation]; inferences that are the result of mere speculation or conjecture cannot support a finding [citations.]'" (*In re Savannah M.* (2005) 131 Cal.App.4th 1387, 1393-1394, italics omitted.)

A person commits first degree burglary when he or she enters an inhabited dwelling with the specific intent to commit grand or petit larceny or any felony inside it. (Pen. Code, §§ 459, 460, subd. (a).) An attempt to commit a crime occurs when the perpetrator, with the specific intent to commit the crime, performs a direct but ineffectual act toward its commission. (Pen. Code, § 21a; *People v. Medina* (2007) 41 Cal.4th 685, 694.) Accordingly, "for the prosecution to prove that defendant committed an attempt to burglarize as proscribed by Penal Code section 664, it was required to establish that he had the specific intent to commit a burglary of the [house] and that his acts toward that goal went beyond mere preparation." (*People v. Staples* (1970) 6 Cal.App.3d 61, 64.)

"[A] person aids and abets the commission of a crime when he or she, acting with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or

4

advice aids, promotes, encourages or instigates, the commission of the crime." (*People v. Beeman* (1984) 35 Cal.3d 547, 561.)

<u>Analysis</u>

The evidence adduced in the instant case shows the following: Appellant was in the company of two other youths near Murillo's house; the front door of the house was damaged; and a shoe print found on the damaged door matched a shoe worn by one of appellant's companions. From this evidence it is reasonably inferable that appellant was in the company of another person at around the time that person attempted to kick Murillo's door in. However, there was no evidence anyone actually entered the house, took anything from the house, or possessed any items that might be indicative of intent to steal, such as burglary tools or bags to carry away property. On this record, as the People acknowledge, under the principles summarized above, it was not reasonably inferable that appellant performed, or aided and abetted in, any act with the specific intent to commit burglary. Therefore, as the People concede, appellant's adjudication of attempted burglary cannot stand.

**Section 702**

As also indicated above, appellant contends and the People concede that the court failed to declare whether the count 2 offense—assault by means of force likely to produce great bodily injury in violation of Penal Code section 245, subdivision (a)(1)—was a felony or misdemeanor, in violation of section 702.

<u>Governing Principles</u>

Section 702 provides, in relevant part: "[I]f the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." An offense which, in the discretion of the court, may be punished as either a felony or a misdemeanor is commonly called a "wobbler." (*In re Manzy W.* (1997) 14 Cal.4th 1199,

5

1201 (*Manzy W.*).) As the parties agree, Penal Code section 245, subdivision (a)(1) is a wobbler.

The purpose of section 702 is two-fold: (1) to "provid[e] a record from which the maximum term of physical confinement for an offense can be determined, particularly in the event of future adjudications" (*Manzy W.*, *supra*, 14 Cal.4th at p. 1205), and (2) to "ensur[e] that the juvenile court is aware of, and actually exercises, its discretion under … section 702" (*id*. at p. 1207).

"The language of [section 702] is unambiguous. It requires an *explicit* declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1204, italics added; accord, *In re Kenneth H.* (1983) 33 Cal.3d 616, 619 (*Kenneth H.*) ["section 702 means what it says and mandates the juvenile court to declare the offense a felony or misdemeanor"].) "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Manzy W.*, at p. 1208.)

In addition, California Rules of Court, rule 5.780(e) provides that if the juvenile court finds the allegation of a wardship petition true, it "must make [certain enumerated] findings," including the following: "(5) In a [Welfare and Institutions Code] section 602 matter, the degree of the offense and whether it would be a misdemeanor or a felony had the offense been committed by an adult. If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration, and must state its determination as to whether the offense is a misdemeanor or a felony. These determinations may be deferred until the disposition hearing." And California Rules of Court, rule 5.790(a) provides in relevant part: "At the disposition hearing: [¶] (1) If the court has not previously considered whether any offense is a misdemeanor or felony, the

6

court must do so at this time and state its finding on the record. If the offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and must expressly declare on the record that it has made such consideration and must state its finding as to whether the offense is a misdemeanor or a felony."

A juvenile court's failure to comply with section 702 does not invariably necessitate remand. (*Manzy W.*, *supra,* 14 Cal.4th at p. 1209.) "[S]peaking generally, the record in a given case may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler. In such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error.… The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Ibid*.)

*Analysis*

Here, as the parties agree, the juvenile court did not, at either the jurisdiction hearing or the disposition hearing, declare on the record whether the count 2 offense was a felony or a misdemeanor, or in any way indicate it knew it had the discretion to make such determination. Therefore, the court did not comply with section 702. And as the parties also agree, because nothing else in the record suggests the court was aware of its section 702 discretion, this error cannot be deemed harmless.

**DISPOSITION**

Appellant's adjudication of attempted burglary is reversed and the disposition order of February 14, 2012, is vacated. The matter is remanded for a new disposition hearing. At that hearing, the juvenile court is directed to exercise its discretion to declare the count 2 assault offense to be either a felony or a misdemeanor and to state on the record that it has made such consideration. In all other respects, the order is affirmed.