Filed 7/21/14  In re A.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060029 |
| v. | (Super.Ct.No. INJ1300182) |
| A.M., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Lawrence P. Best, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed with directions.

Loleena Ansari, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

1

A.M., the minor, asks for a remand so the juvenile court can expressly consider and determine whether each of his two grand theft offenses is a felony or a misdemeanor. The People counter that the record shows the court was aware of and exercised its discretion to declare each offense a felony. As discussed below, the issue of whether each of the offenses should be treated as a felony or a misdemeanor was never discussed or, as far as is revealed in the record, overtly considered. We remand the matter to the juvenile court.

## FACTS AND PROCEDURE

*May 2013 Theft and First Delinquency Petition* (*May Petition*)

On May 15, 2013, the minor and his older brother approached a 13-year-old boy who was riding his bicycle at a skate park in Coachella. The boy initially declined when the minor told him to give them his bicycle. The boy gave the bicycle to the minor when the brother held something that appeared to be a knife under a cloth and said "unless you want to get killed." Police later found the minor and his brother with the bicycle, but no knife.

On May 16, 2013, the People filed a juvenile delinquency petition regarding the minor pursuant to Welfare and Institutions Code section 602.[1] The People alleged the minor committed robbery (Pen. Code, § 211). On May 21, 2013, the court amended the petition to grand theft (Pen. Code, § 487, subd. (c).) The minor admitted the grand theft allegation and the juvenile court dismissed the robbery allegation.

2

On June 6, 2013, without the People's agreement, the court declined to declare the minor a ward and instead placed him on six months of informal probation under section 725, subdivision (a).

*September 2013 Theft and Second Delinquency Petition (September Petition)*

On September 17, 2013, the minor and his brother approached an 11-year-old boy in front of an apartment building. The minor asked the boy if he could borrow the boy's iPod. The boy handed him the iPod because he was afraid. The minor handed the iPod to his brother, who ran away and jumped a fence. The minor walked away. Police later found the brother with the iPod.

On September 18, 2013, the People filed a section 602 petition regarding the minor. The People alleged the minor committed robbery and grand theft. On September 19, 2013 the juvenile court found the minor had violated the terms of his informal probation and detained him in juvenile hall.

On October 8, 2013, the court heard testimony from the victim and from the arresting officer. The court found the grand theft allegation to be true.

On October 22, 2013, the court revoked the minor's probation on the May petition, and set aside both the May petition and the disposition in that matter. The court declared the minor a ward of the court as to both petitions and placed him on formal probation.

This appeal followed.

---

[1] All section references are to the Welfare and Institutions Code unless otherwise indicated.

## DISCUSSION

The minor argues the matter should be remanded to the juvenile court so the court can expressly consider and determine whether each of his two grand theft offenses is a felony or a misdemeanor.

Appellant contends the juvenile court did not properly determine on either occasion whether the grand theft offense was deemed a felony or misdemeanor under section 702. A violation of Penal Code section 487, subdivision (c), is punishable as a felony or a misdemeanor. (Pen. Code, § 489, subd. (b).)

Section 702 provides that in a juvenile proceeding, "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony."

California Rules of Court, rule 5.795, subdivision (a), further provides that "Unless determined previously, the court must find and note in the minutes the degree of the offense committed by the youth, and whether it would be a felony or a misdemeanor had it been committed by an adult. If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony." These statutory provisions indicate that merely stating that the offense is a felony is not sufficient. The court must also make an express finding of the nature of the offense.

4

In large part, the purpose of requiring the court to declare whether an offense is a felony or misdemeanor is to facilitate determining the maximum term of physical confinement for a wobbler offense. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1206 (*Manzy W.*).) The requirement also "serves the purpose of ensuring that the juvenile court is aware of, and actually exercises its discretion under Welfare and Institutions Code section 702." (*Id.* at p. 1207.)

In *Manzy W.*, *supra*, 14 Cal.4th at p. 1199 the juvenile court did not expressly declare whether the minor's wobbler offense was deemed a felony or misdemeanor. The People argued that the juvenile court's imposition of a felony-length term satisfied the section 702 requirement by constituting an implied declaration that the offense was a felony. (*Id.* at p. 1207) The California Supreme Court in that case held that imposing a felony-length term did not satisfy section 702 requiring the court to declare whether the offense is a felony or misdemeanor if it is unclear from the record whether the juvenile court considered the possibility of sentencing the offender as a misdemeanant. (*Id.* at p. 1201.)

The California Supreme Court remanded the case to the juvenile court for clarification as to whether it had considered the option of sentencing the offender to a misdemeanor. The court explained: "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony. [Citation.] Instead, 'the crucial fact is that the court did not state at any of the hearings that it found

the [offense] to be a felony.' [Citation.]" (*Manzy W., supra,* 14 Cal.4th at p. 1208, citing *In re Kenneth H.* (1983) 33 Cal.3d 616, 619-620.)

When there is nothing in the record indicating that the juvenile court considered whether to deem the wobbler offense a felony or misdemeanor, the court will not presume the juvenile court properly exercised its discretion under section 702. (*Manzy W., supra*, 14 Cal.4th at p. 1209.) However, if the record shows that the court was aware of such discretion and properly exercised it, remand is redundant and noncompliance with section 702 constitutes harmless error. (*Ibid.*)

As explained in *Manzy W.*, "[S]etting of a felony-length maximum term period of confinement, by itself, does not eliminate the need for remand when the statute has been violated. The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Manzy W., supra*, 14 Cal.4th at p. 1209.) The *Manzy* court concluded that, although the juvenile court imposed a felony-length term of confinement, it did not mention exercising its discretion in determining whether the offense was a misdemeanor or felony and therefore it would be mere speculation to assume the court was aware it had such discretion and exercised it. (*Id.* at p. 1210)

Here, regarding the May petition, no mention is made in the petition or the probation report, or by the court, that the offense is a wobbler and could be deemed either a misdemeanor or a felony. At the jurisdiction hearing, the People orally amended the petition to add the grand theft offense: "The People would be moving to add a count 2, a 487(c)." After questioning the minor, the court stated, "[Minor], what we are talking

6

about is today we just added a second paragraph to your petition.  That paragraph says you committed a violation of section 487(c) of the Penal Code.  That is a three-year felony."  The court later said when taking the minor's admission "To the added paragraph 2, 487(c) of the Penal Code, a three-year felony, do you admit or deny that?"  In the probation report, the offense is referred to, without discussion, as a felony.  At disposition on June 6, 2013, the juvenile court did not address whether the offense was a felony or a misdemeanor.

Regarding the September petition, again the record does not indicate that the court considered whether the offense should be a felony or a misdemeanor.  The People included in the petition "PARAGRAPH 2," which alleged the minor committed felony grand theft:  "That said minor committed a violation of Penal Code section 487, subdivision (c), a felony . . . ."  At the conclusion of the contested jurisdictional hearing, the juvenile court found true the allegation that the minor committed grand theft, and again described it as "a three-year felony," but otherwise did not address the possibility that it could be a misdemeanor.  Again the offense is referred to as a felony in the probation report.  Neither did the issue arise at the disposition hearing.

With regard to both petitions, neither the parties nor the court mentioned the possibility of deeming the grand theft offense a misdemeanor.  There is no indication in the record that the court considered deeming the offense a misdemeanor or that the court was even aware it had the discretion to do so.  As a consequence, under the clear rule set forth in *Manzy W.*, we must remand the case to the juvenile court for the court's exercise

of its discretion and a declaration as to whether each of the two grand theft offenses is deemed a misdemeanor or felony.

## DISPOSITION

The matter is remanded to allow the juvenile court to clarify as to each of the two petitions whether the grand theft, a violation of Penal Code section 487, subdivision (c), is a felony or a misdemeanor, and to adjust the disposition if necessary.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

RICHLI

J.

MILLER

J.

8