Filed 12/23/14  In re Hector S. CA6

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE HECTOR S., a Person Coming Under the Juvenile Court Law. | H040653 (Monterey County Super. Ct. No. J47580) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> HECTOR S., <br><br> Defendant and Appellant. | |

# I. INTRODUCTION

In declaring Hector S. (Minor) a ward of the juvenile court after he admitted possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and marijuana (Health & Saf. Code, § 11357, subd. (b)), the court did not "expressly declare on the record … its determination … whether the offense [of possessing methamphetamine] is a misdemeanor or a felony" at the jurisdictional or disposition hearings.  (Cal. Rules of Court, rules 5.778(f)(9), 5.790(a)(1), 5.795(a).)  This oversight is Minor's sole claim of error on appeal and the Attorney General appropriately concedes that remand is required to correct the omission.

## II. THE OFFENSES

Salinas police received a report of two juveniles smoking marijuana at an intersection in Salinas on a weekday at around 9:40 a.m. An officer went to the area and found 15-year-old Minor and a 14-year-old female sitting in the bleachers at a park. They admitted they were skipping school. A pat search of Minor revealed a pipe and 0.4 grams of marijuana in a pill bottle and 0.1 grams of methamphetamine in a folded piece of paper. Minor acknowledged using marijuana regularly and said he had used methamphetamine once.

## III. JUVENILE COURT PROCEEDINGS

A petition charging Minor with the felony of possessing methamphetamine and the misdemeanor of possessing less than an ounce of marijuana was filed in December 2013. He was placed on home supervision after a detention hearing at which he denied the charges.

In January 2014, a deputy district attorney filed a declaration that Minor was eligible for deferred entry of judgment (DEJ). Among the applicable criteria was that a felony violation was alleged. (Welf. & Inst. Code, § 790, subd. (a)(5).)

At a hearing on January 9, 2014, Minor waived his trial rights and admitted the charges. The case was scheduled for disposition on January 31. The court signed Form JV-644, "Jurisdiction Hearing–Juvenile Delinquency," which included a listing of the allegations admitted and found to be true. Handwritten were "HS 11377(a)(fel)" and "HS 11357(b)(inf)."

A home supervision incident report filed on January 21 revealed that Minor had been recorded as late ("Late/Tardy") to some high school classes and absent at others ("Truant," "Unverified"). On January 10, Minor told a probation officer he had been marked absent in error. He was informed how to clear attendance errors. By January 17, Minor had not cleared any of the absences between January 6 and 10 and he accumulated several more. On January 17, Minor was seen leaving campus with another known

2

probationer who was subject to gang-related conditions. Minor was taken into custody that day.

On January 22, at a hearing on a petition alleging a violation of home supervision, Minor submitted the matter on the incident report. The court found Minor had violated court orders and ordered him to remain detained at juvenile hall.

A probation report concluded Minor was not suitable for DEJ and recommended a higher level of supervision. According to the report, Minor is habitually truant and failing all classes, having earned no high school credits as a freshman. He said he finds school "'boring.'" After participating in programs called Seven Challenges and Strengthening Families, Minor was unable to say what he had learned. Minor was uncooperative in probation interviews and exhibited an immature attitude. The report characterized count 1 as a felony.

At a hearing on January 31, Minor's counsel argued that he was suitable for DEJ. The juvenile hall staff described Minor, after 10 days in custody, as "well behaved and cooperative," demonstrating satisfactory behavior and completing satisfactory class work, having "earned all daily points on a daily basis."

The juvenile court found Minor not suitable for DEJ, stating, "The thing that is probably the most troubling to the Court, and that is that he doesn't have any demonstrable motivation to change." The court also noted Minor's educational failure and lack of maturity. Minor declined to withdraw his admissions.

The court declared Minor to be a ward of the court for two years, and, over defense objection to five different conditions, placed Minor on probation subject to all 35 conditions recommended by probation, including "partial gang terms and conditions." (Capitalization omitted.) As Minor had acknowledged in writing that he reviewed the terms and conditions with his probation officer, the court did not mention each of them. The court added one condition, Minor's completion of a Rancho Cielo assessment.

The court signed Form JV-665, "Disposition–Juvenile Delinquency," which left blank a section in which the court could have determined the classification of any count that could be considered a misdemeanor or a felony.

## IV. ANALYSIS

Welfare and Institutions Code section 702 states in part, "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The offense of possessing a controlled substance in violation of Health and Safety Code section 11377 was a "wobbler," alternatively punishable as a felony or a misdemeanor at the time of the disposition in this case.[1]

California Rules of Court, rule 5.778(f) provides that the juvenile court, after an admission or plea of no contest, must make findings on several topics, including "(9) In a section 602 matter, the degree of the offense and whether it would be a misdemeanor or felony had the offense been committed by an adult. If any offense may be found to be either a felony or misdemeanor, the court must consider which description applies and *expressly declare on the record* that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony. These determinations may be deferred until the disposition hearing." (Italics added.) The same express declaration is required by rule 5.780(e)(5) after a contested jurisdictional hearing and at the disposition hearing "[u]nless determined previously … ." (Cal. Rules of Court, rule 5.795(a); cf. rule 5.790(a)(1).)

---

[1] On November 4, 2014, voters enacted Proposition 47, which prospectively makes a violation of Health and Safety Code section 11377, subdivision (a), a misdemeanor. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014), text of Prop. 47, p. 73.)

In *In re Manzy W.* (1997) 14 Cal.4th 1199 (*Manzy W.*), the California Supreme Court observed that the express declaration requirement of section 702 serves at least two purposes. It provides "a record from which the maximum term of physical confinement for an offense can be determined, particularly in the event of future adjudications." (*Manzy W.* at p. 1205.) It "also serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its [statutory] discretion … ." (*Id.* at p. 1207.) The court summarized its earlier decision in *In re Kenneth H.* (1983) 33 Cal.3d 616 (*Kenneth H.*) with approval, reiterating "that neither the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Manzy W.* at p. 1208.) It also noted, "'the crucial fact is that the court did not state at any of the hearings that it found the [offense] to be a felony.'" (*Ibid.*, quoting *Kenneth H.*, *supra*, at p. 620.)

When the record in a case shows "that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler …, when remand would be merely redundant, failure to comply with the statute would amount to harmless error." (*Manzy W.* at p. 1209.) Nowhere in this record do we find any express statement indicating that the juvenile court was aware of and fulfilled its statutory obligation to classify this offense as a felony or misdemeanor. Form JV-655 left blank the portion in which the court could have designated a wobbler to be a misdemeanor or a felony. We accept the Attorney General's concession that the matter must be remanded for the court to exercise its discretion on the record. In remanding the matter, we are mindful that the recent enactment of Proposition 47 changed methamphetamine possession from wobbler to misdemeanor. Although the juvenile court may consider the current status of the offense in making its determination, the change in the law neither compels nor permits us to substitute our discretion for that of the juvenile court.

5

## V. DISPOSITION

The disposition order is reversed and the case is remanded to allow the juvenile court to specify whether Minor's offense of possessing methamphetamine was a felony or misdemeanor.

_____

Grover, J

I CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

I CONCUR IN THE JUDGMENT ONLY:

_____

Mihara, J.