Filed 8/31/16  In re G.A. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re G.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E064938 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ1401155) |
| v. | OPINION |
| G.A., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jean P. Leonard (retired judge of the Riverside Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6, of the Cal. Const.) and Roger A. Luebs, Judges.  Affirmed in part; reversed in part with directions.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Sabrina Y. Lane-Erwin and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant G.A. (minor) asks for a remand so the juvenile court can expressly consider and determine whether his second degree burglary offense is a felony or a misdemeanor. The People counter that the record shows the court was aware of and exercised its discretion to declare the offense a felony. As discussed below, the issue of whether the offense should be treated as a felony or a misdemeanor was never discussed or, as far as is revealed in the record, overtly considered. We remand the matter to the juvenile court.

## FACTUAL AND PROCEDURAL HISTORY

### 1. PROCEDURAL BACKGROUND

On April 28, 2015, a first amended petition was filed under Welfare and Institutions Code section 602, alleging that minor committed misdemeanor battery on July 4, 2014.

On September 18, 2015, a subsequent petition was filed under Welfare and Institutions Code section 602, alleging that minor committed felony burglary under Penal Code section 459 on March 22, 2015, by breaking into a vehicle with intent to commit theft.

2

On November 16, 2015, at a contested jurisdictional hearing, the juvenile court made a true finding that minor committed felony second degree burglary and issued stay away and no contact orders for the victims and their residences. On the same date, minor admitted committing misdemeanor battery.

On December 21, 2015, at minor's dispositional hearing, the court adjudged minor a ward of the court and committed minor to a juvenile work program.

On November 25, 2015, minor filed a notice of appeal.

B.     FACTUAL BACKGROUND

On March 21, 2015, at approximately 10 p.m., Tania Aguilar parked her car near her apartment in Riverside, locking the doors and closing the windows. She also activated her car alarm.

Between 2 and 3 a.m., Aguilar could not sleep because of music coming from the apartment above her. She went to the apartment and asked the occupants to turn down the music. Two people answered the door, one of whom she recognized as minor, having seen him approximately eight times previously. They agreed to turn down the music and Aguilar returned to her apartment. Approximately 15 minutes later, Aguilar heard her mother, Amelia Flores, who lived in the apartment next to hers, calling her. Aguilar opened her apartment door.

Aguilar's father, Ernesto Vasquez, and Flores heard Aguilar's car alarm activate. Vasquez went outside first. When he did not return, Flores went outside.

3

Vasquez saw two people going through the trunk of Aguilar's car, one of whom was minor. When Vasquez asked why they were going through his daughter's trunk, one of the juveniles—not minor—approached Vasquez with a knife as though to assault Vasquez. However, the juvenile with the knife walked past Vasquez and went up the stairs, followed by minor.

When Flores got outside, she saw minor and the other juvenile. The juvenile with a knife threatened Flores with it before going upstairs and into the apartment.

When Aguilar opened her door, she saw the juvenile with the knife threaten her mother. The juvenile and minor then walked up the stairs to the apartment. Aguilar recognized them from her encounter with them approximately 15 minutes prior. When Aguilar saw her car, the trunk was closed. She later discovered an auxiliary cord missing from the front of her car. Nothing was missing from her trunk and the car had no damage.

## DISCUSSION

Minor contends that the juvenile court failed to specifically acknowledge and exercise its discretion as to whether the offense minor committed should be designated as a felony or a misdemeanor. Minor, therefore, argues the matter should be remanded to the juvenile court so the court can expressly consider and determine whether his second degree offense is a felony or a misdemeanor.

Welfare and Institutions Code section 702 provides that in a juvenile proceeding, "If the minor is found to have committed an offense which would in the case of an adult

4

be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony."

California Rules of Court, rule 5.795, subdivision (a), further provides that "Unless determined previously, the court must find and note in the minutes the degree of the offense committed by the youth, and whether it would be a felony or a misdemeanor had it been committed by an adult. If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony." These statutory provisions indicate that merely stating that the offense is a felony is not sufficient. The court must also make an express finding of the nature of the offense.

In large part, the purpose of requiring the court to declare whether an offense is a felony or misdemeanor is to facilitate determining the maximum term of physical confinement for a wobbler offense. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1206 (*Manzy W.*).) The requirement also "serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702." (*Id.* at p. 1207.)

In *Manzy W.*, *supra*, 14 Cal.4th at p. 1199 the juvenile court did not expressly declare whether the minor's wobbler offense was deemed a felony or misdemeanor. The People argued that the juvenile court's imposition of a felony-length term satisfied the Welfare and Institutions Code section 702 requirement by constituting an implied declaration that the offense was a felony. (*Id.* at p. 1207) The California Supreme Court

5

held that imposing a felony-length term did not satisfy Welfare and Institutions Code section 702 requiring the court to declare whether the offense is a felony or misdemeanor if it is unclear from the record whether the juvenile court considered the possibility of sentencing the offender as a misdemeanant. (*Id.* at p. 1201.)

The California Supreme Court remanded the case to the juvenile court for clarification as to whether it had considered the option of sentencing the offender to a misdemeanor. The court explained: "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony. [Citation.] Instead, 'the crucial fact is that the court did not state at any of the hearings that it found the [offense] to be a felony.'" (*Manzy W.*, *supra*, 14 Cal.4th at p. 1208, fn. omitted, citing *In re Kenneth H.* (1983) 33 Cal.3d 616, 619-620.)

When there is nothing in the record indicating that the juvenile court considered whether to deem the wobbler offense a felony or misdemeanor, the court will not presume the juvenile court properly exercised its discretion under Welfare and Institutions Code section 702. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.) However, if the record shows that the court was aware of such discretion and properly exercised it, remand is redundant and noncompliance with Welfare and Institutions Code section 702 constitutes harmless error. (*Ibid.*)

As explained in *Manzy W.*, "[S]etting of a felony-length maximum term period of confinement, by itself, does not eliminate the need for remand when the statute has been violated. The key issue is whether the record as a whole establishes that the juvenile

6

court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.) The *Manzy* court concluded that, although the juvenile court imposed a felony-length term of confinement, it did not mention exercising its discretion in determining whether the offense was a misdemeanor or felony and therefore it would be mere speculation to assume the court was aware it had such discretion and exercised it. (*Id.* at p. 1210)

Here, nothing in the record indicates the juvenile court was aware that minor's offense could be either a felony or a misdemeanor. The petition charged the offense exclusively as a felony. At the jurisdictional hearing, the court referred to the offense as "a violation of Penal Code section 459, a felony, it looks like auto burglary . . . ." At the close of the hearing, the court found beyond a reasonable doubt that minor "violated Penal Code section 459, a felony, burglary in the second-degree . . . ." Moreover, the court referred exclusively to the three-year maximum felony-length commitment period for the burglary offense in the taking of minor's admission on the trailing misdemeanor battery petition. The judge who took this admission was not the sentencing judge.

Additionally, the probation report referred exclusively to the burglary allegation against minor as a felony allegation—never mentioned that it could also be a misdemeanor. At the dispositional hearing, neither the minute order nor the reporter's transcript refer to the burglary charge against minor as either a felony or a misdemeanor. The parties agreed that they were "going forward with the recommendations in the 12-16-2015 [probation] report," which referred to the burglary allegation against minor

7

exclusively as a felony allegation. The word "misdemeanor" is not used anywhere in the record in reference to the burglary offense.

Moreover, neither the parties nor the court mentioned the possibility of deeming the second degree burglary offense as a misdemeanor. There is no indication in the record that the court considered deeming the offense a misdemeanor or that the court was even aware it had the discretion to do so. As a consequence, under the clear rule set forth in *Manzy W.*, we must remand the case to the juvenile court for the court's exercise of its discretion and a declaration as to whether the burglary offense is deemed a misdemeanor or felony.

The People, however, contend that the court's numerous statements indicating the burglary offense to be a felony indicates the juvenile court's awareness and exercise of its discretion in declaring the offense a felony. We disagree. The court here simply recited the charge as made in the petition. The statements do not reflect on whether the court was aware of the fact the offense was a wobbler and that it had discretion to reduce it to a misdemeanor. Further, there is no evidence in the record the court exercised its discretion.

Therefore, the case is remanded for the juvenile court to exercise its discretion to determine whether the wobbler burglary offense should be deemed a misdemeanor or a felony.

**DISPOSITION**

The matter is reversed and remanded with directions for the juvenile court to clarify whether the second degree burglary offense, a violation of Penal Code section

8

459, is a felony or a misdemeanor, and to adjust the disposition if necessary.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

HOLLENHORST_____

Acting P. J.

CODRINGTON_____

J.