Filed 6/24/25  In re Ezekiel D. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re EZEKIEL D., a Person Coming Under the Juvenile Court Law. | D084924 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J245962) |
| v. | |
| EZEKIEL D., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Marissa A. Bejarano, Judge.  Remanded with directions.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

# MEMORANDUM OPINION[1]

The People filed an amended petition charging Ezekiel D., a minor, with multiple offenses arising out of two separate incidents: robbery (Pen. Code, § 211; count 1), resisting an officer (*id.*, § 148; count 2), and assault by force likely to cause great bodily injury (*id.*, § 245, subd. (a)(4); count 3). It was further alleged that Ezekiel personally used a deadly and dangerous weapon, a knife, in committing the robbery. (*id.*, § 12022, subd. (b)(1).) Following his admission to the robbery and assault charges, the juvenile court entered true findings on both counts and dismissed the remaining allegations. At disposition, the court stayed commitment to Urban Camp and released Ezekiel to home supervision with GPS monitoring.

Ezekiel contends, and the People concede, that the case must be remanded for the juvenile court to declare whether his assault offense was a misdemeanor or a felony, as required by Welfare and Institutions Code section 702.

Welfare and Institutions Code section 702 provides, in pertinent part, that where a "minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or a felony." The provision requires juvenile courts to make an explicit declaration as to whether an offense is a felony or misdemeanor to ensure that the courts are both aware of, and actually exercising, their discretionary authority. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 (*Manzy W.*); *id.* at p. 1207; accord, *In re Kenneth H.* (1983) 33 Cal.3d 616, 619; *In re Ricky H.* (1981) 30 Cal.3d 176, 191.)

---

[1]    We believe it appropriate to resolve this case by memorandum opinion. (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 853.)

As the People correctly point out, it is not enough for the offense to be identified as a felony at various points in the record, as "neither the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute" for the declaration required of the court. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1208.) Instead, the court "must ' " 'state at any of the hearings' " ' that it was exercising its discretion to treat the offense as a felony." (*In re F.M.* (2023) 14 Cal.5th 701, 709; see also Cal. Rules of Court, rule 5.790(a)(1) ["the court . . . must expressly declare on the record that it has made such consideration and must state its finding as to whether the offense is a misdemeanor or a felony"].)

Here, the court failed to declare whether the assault was a misdemeanor or felony, and nothing in the record establishes the court was aware of, or exercised, its discretion in making that determination. Although the assault was charged as a felony and referred to as a felony by the juvenile court at the adjudication hearing, the record as a whole is devoid of any evidence demonstrating the court was aware the assault could be treated as a misdemeanor. Accordingly, we agree with the parties that the matter must be remanded.

## DISPOSITION

We remand and direct the juvenile court to expressly declare on the record whether count 3, assault in violation of Penal Code section 245, subdivision (a)(4), is a misdemeanor or felony.

DATO, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

3