Filed 10/21/25  In re L.R. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re L.R., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B337196 (Super. Ct. No. TJ24485-092222) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>L.R.,<br><br>    Defendant and Appellant. | (Super. Ct. No. 22DL0910) (Orange County) |

L.R. appeals from an order adjudicating him a ward of the court (Welf. & Inst. Code,[1] § 602) after he admitted committing

---

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

grand theft (Pen. Code, § 487, subd. (c)).  He contends, and the People concede, the case must be remanded for the juvenile court to declare whether his grand theft offense was a misdemeanor or a felony, as required by section 702.  We agree and remand with instructions.

PROCEDURAL HISTORY

The Orange County District Attorney filed a section 602 petition against L.R. alleging possession of a handgun by a minor (Pen. Code, § 29610, subd. (a)).  The juvenile court sustained the petition and transferred the matter to Los Angeles County for disposition because of L.R.'s residence.

The Los Angeles County District Attorney subsequently filed a wardship petition alleging that L.R. committed robbery (Pen. Code, § 211).  The petition was later amended to add one count of grand theft (Pen. Code, § 487, subd. (c)).  The prosecutor said the amended charge was "grand theft of person" and the parties had not "established a value."  L.R. admitted the grand theft charge and the court dismissed the robbery count pursuant to the People's motion.  The court found L.R. suitable for deferred entry of judgment and placed him on probation.

The juvenile court later terminated deferred entry of judgment.  At the disposition hearing, the court declared L.R. a ward of the court and ordered probation and suitable placement.  The court did not state on the record whether the grand theft offense was a felony or misdemeanor.

DISCUSSION

Welfare and Institutions Code section 702 provides, in pertinent part, that where a "minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall

2

declare the offense to be a misdemeanor or a felony." This provision requires juvenile courts to explicitly declare whether an offense is a felony or misdemeanor to ensure that courts are aware of and exercise their discretionary authority. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204, 1207 (*Manzy W.*); *In re Kenneth H.* (1983) 33 Cal.3d 616, 619; *In re Ricky H.* (1981) 30 Cal.3d 176, 191.)

Absent a court's express declaration or other evidence the juvenile court " 'was aware of, and exercised[,] its discretion to determine the felony or misdemeanor nature of a wobbler,' " the matter must be remanded. (*In re F.M.* (2023) 14 Cal.5th 701, 712 (*F.M.*); see also Cal. Rules of Court, rule 5.790(a)(1) ["the court . . . must expressly declare on the record that it has made such consideration and must state its finding as to whether the offense is a misdemeanor or a felony"].) Pursuant to section 702, an express declaration of felony or misdemeanor treatment must be made at a hearing "before or at the time of disposition." (*In re G.C.* (2020) 8 Cal.5th 1119, 1126.)

"[S]ection 702 error is not harmless unless the record shows that the juvenile court was 'aware of, and exercised its discretion' as to each wobbler alleged against the minor." (*F.M.*, *supra*, 14 Cal.5th at p. 717.) "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1208.) Section 702 " 'ensur[es] that the juvenile court is aware of, and actually exercises, its discretion' as to whether a juvenile's wobbler offense should be adjudicated as a misdemeanor or felony." (*F.M.*, at p. 705.)

Here, the juvenile court did not declare whether the grand theft offense was a misdemeanor or felony.  (Pen. Code, §§ 487, subd. (c), 489, subd. (c)(1); *In re Jorge Q.* (1997) 54 Cal.App.4th 223, 226, 238.)  Nor was there a determination of value to establish grand theft (Pen. Code, § 487, subd. (a) [value must exceed $950]), and the record does not demonstrate the court was aware that grand theft could be treated as a misdemeanor.  Even though a minute order states the offense was "declared to be a felony," that does not suffice as a required and express declaration by the court.  (*F.M.*, *supra*, 14 Cal.5th at p. 712.)  Accordingly, we accept the People's concession that the matter must be remanded.

## DISPOSITION

The dispositional order is reversed and remanded for the juvenile court to expressly declare the violation of Penal Code section 487, subdivision (c), to be either a misdemeanor or felony under section 702. In all other respects, we affirm.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.                    CODY, J.


4

Melissa N. Widdifield, Judge

Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Christopher Sanchez and Seth P. McCutcheon, Deputy Attorneys General, for Plaintiff and Respondent.