[No. B134643. Second Dist., Div. Five. May 26, 2000.]

In re EDUARDO D., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
EDUARDO D., Defendant and Appellant.

**COUNSEL**

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kyle S.

Brodie and Renee Rich, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—The minor, Eduardo D., appeals from the order declaring him a delinquent ward of the court. (Welf. & Inst. Code, § 602.) The juvenile court sustained one of the allegations of a petition filed April 16, 1999, finding a lesser included offense of grand theft from a person rather than second degree robbery as originally charged. (Pen. Code,[1] § 487, subd. (c).) The juvenile court ordered that the minor be removed from the custody of his parents and placed in camp. The juvenile court further ordered that the minor be held in physical confinement for a period not exceeding three years. The minor appealed and we appointed counsel to represent him. The minor argues that there was insufficient evidence to sustain the juvenile court's finding that he committed grand theft from a person. In the alternative, the minor argues that the juvenile court's failure to determine whether the grand theft was a misdemeanor or felony pursuant to Welfare and Institutions Code section 702 mandates remand for such a determination.

██ First, the minor argues there was insufficient evidence to sustain the finding that he committed a grand theft from the person of Manuel G. ██ We review the evidence in the light most favorable to the wardship order. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [99 S.Ct. 2781, 2789, 61 L.Ed.2d 560]; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908-909; *People v. Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110]; see also *In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088-1089 [22 Cal.Rptr.2d 893] [standard of proof is the same in juvenile proceedings as that required in adult criminal trials]; *In re Jose R.* (1982) 137 Cal.App.3d 269, 275 [186 Cal.Rptr. 898] [same].) ██ On April 12, 1999, the minor approached Manuel G. Manuel G. was walking home from a bus stop after school. The minor had previously threatened Manuel G. The reason for the threat was because Manuel G. did not want to join the minor's "crew." The minor punched Manuel G. in the face. A fistfight ensued. Manuel G. attempted to pull away from the fracas. The minor then threw a boom box at Manuel G.'s head. The minor then held Manuel G. in a headlock. The minor then hit Manuel G.'s head with some type of metal rod. Manuel G. was finally able to pull away from the minor. Manuel G. ran away. Manuel G. turned back to see that his baseball cap and backpack were on the ground. Manuel G. then saw the minor take the backpack and red baseball cap. Manuel G. went to the hospital, where he received more than 10 stitches to

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

his head. When the minor was arrested on April 15, 1999, he had a metal pipe concealed in his waistband. The minor spoke with Los Angeles Police Officer Gary Kakaua. The minor related a different version of the April 12, 1999, incident.

Section 487 states: "Grand theft is theft committed in any of the following cases: [¶] . . . [¶] (c) When the property is taken from the person of another." The minor argues that there was insufficient evidence that the cap and backpack were taken from the person of Manuel G. The minor relies on the testimony of Manuel G. As noted previously, Manuel G. was able to finally escape from the minor. As Manuel G. ran away, he left his backpack and cap. It was only then that the minor took possession of the abandoned cap and backpack. At the time the minor took the backpack and cap, they were 10 to 15 feet from the minor. The minor's reliance on this court's decision in *People v. Williams* (1992) 9 Cal.App.4th 1465, 1471-1472 [12 Cal.Rptr.2d 243], is misplaced. In *Williams*, the victim had placed her purse on the front seat of her automobile prior to the time that the defendant took it. We found that because the purse was not physically attached to the victim, there was insufficient evidence of a taking from the person. (*Ibid.*; *In re George B.* (1991) 228 Cal.App.3d 1088, 1091-1092 [279 Cal.Rptr. 388] [theft from the person contemplates that the property is upon or attached to the person or carried or held in physical possession]; *People v. McElroy* (1897) 116 Cal. 583, 586 [48 P. 718] [same]; see also *People v. Huggins* (1997) 51 Cal.App.4th 1654, 1658 [60 Cal.Rptr.2d 177] [theft of victim's purse which was against her foot to retain dominion and control was theft from the person]; 2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Property, § 566, p. 644.)

This case is distinguishable from our prior decision in *Williams*. Manuel G. did not gladly and of his own free accord remove his backpack and cap, place them on the ground, or relinquish possession of these items. Rather, it was as the direct result of the minor's assault on Manuel G. that the cap and backpack were removed or fell to the ground. Nor did the fact that Manuel G. ran away from the assault amount to an abandonment of his possessions. The minor's initial actus reus or wrongful deed set the taking of Manuel G.'s possessions in motion. As a result, there was substantial evidence the theft was from the person of the victim.[2]

■ Second, the minor argues and the Attorney General concedes that the juvenile court's failure to expressly state on the record whether the grand theft was a misdemeanor or felony mandates a remand for that

---

[2]We express no opinion as to correctness of the finding no robbery occurred based on the facts of this case. (*People v. Cooper* (1991) 53 Cal.3d 1158, 1165, fn. 8 [282 Cal.Rptr. 450, 811 P.2d 742]; *People v. Estes* (1983) 147 Cal.App.3d 23, 27-28 [194 Cal.Rptr. 909].)

purpose. Welfare and Institutions Code section 702 provides in pertinent part: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The California Supreme Court has determined that where a juvenile court fails to make such a designation, the matter need not be remanded where the record shows that "the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1209 [60 Cal.Rptr.2d 889, 930 P.2d 1255]; *In re Kenneth H.* (1983) 33 Cal.3d 616, 621 [189 Cal.Rptr. 867, 659 P.2d 1156]; *In re Ricky H.* (1981) 30 Cal.3d 176, 191-192 [178 Cal.Rptr. 324, 636 P.2d 13].) In this case, the juvenile court did not orally indicate on the record whether the crime was a felony or misdemeanor. Nor did the juvenile court use any language that demonstrated an awareness of its discretion to make such a determination. The minute order reflects that it was a felony and the minor's period of confinement was set not to exceed the felony period of three years. However, as both the minor and the Attorney General point out, these factors alone do not satisfy the requirements of Welfare and Institutions Code section 702. (*In re Manzy W., supra,* 14 Cal.4th at pp. 1207-1208.) No doubt, the level of violence displayed by the minor, and the injuries sustained by Manuel G. strongly militate against misdemeanor treatment of this matter. In the first instance though, we leave this issue in the good hands of the juvenile court. As a result, we remand the matter to allow for the exercise of that discretion.

The matter is remanded to the juvenile court to allow the court to exercise its discretion to determine whether the grand theft was a misdemeanor or felony. The wardship order is affirmed in all other respects.

Armstrong, J., and Godoy Perez, J., concurred.

On June 9, 2000, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied August 30, 2000.